UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES—GENERAL

Case No.  CV 15-4556-MWF(AGRx)          Date:  August 13, 2015

Title:     Debra Smilow, et al. -v- Anthem Blue Cross Life and Health Insurance Co.

Present:   The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

            Relief Deputy Clerk:                Court Reporter:
            Cheryl Wynn                         Not Reported

            Attorneys Present for Plaintiff:    Attorneys Present for Defendant:
            None Present                        None Present

Proceedings (In Chambers):   ORDER GRANTING MOTION TO REMAND [12]

        Before the Court is Plaintiff Debra Smilow's Motion to Remand to State Court
(the "Motion"), filed June 26, 2015.  (Docket No. 12).  Defendant filed an Opposition
to Plaintiff's Motion to Remand on July 6, 2015.  (Docket No. 14).  Plaintiff filed her
Reply in Support of Motion to Remand on July 13, 2015.  (Docket No. 15).  The Court
has read and considered the papers, and a hearing was held on July 27, 2015.

        For the reasons set forth below, the Motion is **GRANTED**.  The Court
determines that the Notice of Removal was procedurally proper.  Plaintiff, however,
requests leave to amend her Complaint to "clarify" that the Complaint is limited to
California "citizens", not "residents".  That request is proper under Ninth Circuit law
and the reasoning of *Wickens* and *Weight*.  Deeming the Complaint so amended, not
even the minimal diversity of CAFA exists.  Even if this Court were to treat the request
as a true "amendment" instead of a "clarification," the Court would still question
whether subject-matter jurisdiction exists.

**Background**

        This action was originally filed on February 17, 2015, in the Los Angeles
Superior Court.  (Complaint, Notice of Removal Ex. B (Docket No. 1-2)).  This class
action Complaint brings claims against Defendant Anthem Blue Cross Life and Health
Insurance Company dba Anthem Blue Cross for negligence, negligence *per se*, breach
of implied contract, breach of covenant of good faith and fair dealing, unjust

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV 15-4556-MWF(AGRx)              Date:  August 13, 2015**

Title:      Debra Smilow, et al. -*v*- Anthem Blue Cross Life and Health Insurance Co.

enrichment, invasion of privacy, bailment, conversion, and violations of California's Data Breach Act, Cal. Civ. Code §§ 1798.80 *et seq.*, Confidentiality of Medical Information Act, Cal. Civ. Code §§ 56 *et seq.*, and Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 *et seq.* (*Id.*).  Plaintiffs allege that Anthem failed to properly safeguard, secure and protect the sensitive personally identifiable information ("PII") and personal health related information ("PHI") of Plaintiff and the purported class, and as a result, between December 10, 2014 and January 27, 2015, unknown hackers accessed Defendant's records and acquired the personal and sensitive information of millions of California residents.  (*Id.* ¶¶ 1-2).

Plaintiff alleges a class that consists of "all California residents who purchased health insurance from Anthem and whose PII, PHI, and/or personal financial information was compromised as a result of the data breach first disclosed by Anthem on February 4, 2015."  (*Id.* ¶ 17).  Defendant Anthem Blue Cross Life and Health Insurance Company is a California corporation, and "a wholly owned subsidiary of non-party Anthem, Inc., an Indiana corporation."  (*Id.* ¶ 13).

Plaintiff's Complaint was served on Defendant on March 2, 2015.  (Parker Decl. (Docket No. 12-3)).  On April 7, 2015, the Superior Court stayed the action until an initial status conference could be held on July 1, 2015.  (Mot. at 3).  On June 8, 2015, the Judicial Panel on Multidistrict Litigation (the "JPML") issued a transfer order centralizing certain other cases pending in federal courts arising from the same Anthem data breach in the Northern District of California pursuant to 28 U.S.C. § 1407 (the "MDL Proceeding").  (*Id.*).

Defendant removed this action to this Court on June 16, 2015.  (Docket No. 1). The Notice of Removal asserts jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d).  (Notice of Removal at 1).  Under CAFA, the Court has "original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs," and is a class action in which there is minimal diversity.  28 U.S.C. § 1332(d)(2).

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV 15-4556-MWF(AGRx)**                    **Date:  August 13, 2015**

**Title:**      Debra Smilow, et al. -*v*- Anthem Blue Cross Life and Health Insurance Co.

The JPML issued a Conditional Transfer Order ("CTO") concerning this case, among others, on June 22, 2015.  (Mot. at 3).  Plaintiff filed the present Motion to Remand on June 26, 2015.  (Docket No. 12).  Defendant filed its Opposition to the Motion on July 6, 2015.  (Docket No. 14).  Plaintiff filed her Reply on July 13, 2015. (Docket No. 15).  On July 21, 2015, the Court granted the parties' Joint Stipulation to Suspend Deadlines pending resolution of this Motion.  (Docket No. 17).

**Request for Judicial Notice**

In conjunction with her Reply, Plaintiff filed a Request for Judicial Notice, asking that the Court take notice of a "Frequently Asked Questions" or "FAQ" posted on a website maintained by Anthem, Inc., the parent corporation of Defendant Anthem Blue Cross Life and Health Insurance Company, accessed at https://www.anthemfacts.com/faq on July 8, 2015 by Plaintiff's counsel.  (Docket No. 15-2).  As the Court does not rely on this document in making its determination below, the Request is **DENIED as moot**.

**Jurisdiction**

In light of the Conditional Transfer Order issued by the JPML on June 22, 2015, the first issue the Court must address is whether it has jurisdiction to hear this Motion to Remand.  The Court concludes that it does.  Pursuant to JPML Rule 2.1(d), "the pendency of a . . . conditional transfer order . . . before the Panel pursuant to 28 U.S.C. § 1407 does not affect or suspend orders and pretrial proceedings in any pending federal district court action and does not limit the pretrial jurisdiction of that court." *See Wickens v. Blue Cross of California*, No. 15cv834-GPC (JMA), 2015 WL 3796272, at *2 (S.D. Cal. Jan. 18, 2015) (rejecting the defendants' argument in a related Anthem case that the Court should defer ruling on the motion to remand in order to allow the MDL court to address a motion for transfer); *see also Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997) ("[a] district judge should not automatically stay discovery, postpone rulings on pending motions, or generally suspend further rulings upon a part[y's] motion to the MDL Panel for transfer and

_____

**CIVIL MINUTES—GENERAL                                          3**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV 15-4556-MWF(AGRx)**          **Date:  August 13, 2015**

Title:      Debra Smilow, et al. -*v*- Anthem Blue Cross Life and Health Insurance Co.

consolidation.").  Moreover, neither party objects to this Court's determination of the issue.

**Discussion**

A defendant may generally remove a civil action from state court to federal district court if the district court would have had subject matter jurisdiction had the action originally been filed in that court.  *See* 28 U.S.C. § 1441(a).  Federal courts have original jurisdiction over class actions where (1) any member of the plaintiff class is diverse from any defendant, (2) the proposed class contains 100 or more putative class members, and (3) the amount in controversy exceeds the "sum or value of $5,000,000, exclusive of interest and costs."  28 U.S.C. § 1332(d); *Rodriguez v. AT&T Mobility Servs., LLC*, 728 F.3d 975, 978 (9th Cir. 2013).

There is no presumption against removal jurisdiction in CAFA cases.  *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014) (vacating district court's remand order in putative class action against oil and gas companies on the ground that a defendant's notice of removal need only contain a plausible allegation that the amount in controversy exceeds the jurisdictional threshold).  However, the defendant still bears the burden of establishing removal jurisdiction.  *Washington v. Chimei Innolux Corp.*, 659 F.3d 842, 847 (9th Cir. 2011) (affirming district court's remand order in parens patriae suit against manufacturers and distributors of thin-film transistor liquid crystal display panels, because such suits were not "class actions" under CAFA).  A notice of removal must contain a "short and plain statement of the grounds for removal," a requirement which tracks the general pleading standard of Federal Rule of Civil Procedure 8(a).  *Dart Cherokee*, 135 S. Ct. at 553 (citing 28 U.S.C. § 1446(a)).

The procedures governing removal are set forth in 28 U.S.C. § 1446.  Section 1446 requires that a defendant file its notice of removal "within thirty days of receipt from the plaintiff of an initial pleading or other document from which it is ascertainable that the case is removable."  *Roth v. CHA Hollywood Med. Ctr., L.P.*, 720

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 15-4556-MWF(AGRx)               Date:  August 13, 2015

Title:     Debra Smilow, et al. -v- Anthem Blue Cross Life and Health Insurance Co.

F.3d 1121, 1124 (9th Cir. 2013) (citing 28 U.S.C. § 1446(a), (b)(1), (b)(3)).  In *Harris v. Bankers Life and Casualty Co.*, 425 F.3d 689, 693–94 (9th Cir. 2005), the Ninth Circuit clarified that a defendant does not have a duty of inquiry if the initial pleading or other document is "indeterminate" with respect to removability. "Thus, even if a defendant could have discovered grounds for removability through investigation, it does not lose the right to remove because it did not conduct such an investigation and then file a notice of removal within thirty days of receiving the indeterminate document." *Roth*, 720 F.3d at 1125.

The thirty-day time periods provided in § 1446 thus only apply if the *plaintiff* provides a pleading or other document that reveals a basis for removal.  If a defendant conducts its own investigation, and determines that there are grounds for removal, the defendant may remove the case "outside the two thirty-day periods . . ., provided that it has not run afoul of either of the thirty-day deadlines." *Id.*  As the *Roth* panel explained, "[a] defendant should not be able to ignore pleadings or other documents from which removability may be ascertained and seek removal only when it becomes strategically advantageous for it to do so." *Id.*  On the other hand, "a plaintiff's ignorance of the citizenship of would-be class members should not defeat removal if defendant independently knows or learns that information." *Id.*

Therefore, in a non-CAFA diversity case, removal may be timely when a defendant independently discovers information justifying removal and then files a notice of removal *within one year* of the commencement of the action.  *See Roth*, 720 F.3d at 1126 ("In a non-CAFA diversity case . . . a notice of removal must be filed, in any event, within one year of the commencement of the action.").  However, in a CAFA case such as this one, "there is no such time limit," and thus, "[a] CAFA case may be removed at any time, provided that neither of the two thirty-day periods under § 1446(b)(1) and (b)(3) has been triggered." *Id.* (citing 28 U.S.C. § 1453(b)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 15-4556-MWF(AGRx)              Date:  August 13, 2015

Title:      Debra Smilow, et al. -v- Anthem Blue Cross Life and Health Insurance Co.

*Timeliness*

Plaintiff first argues that Defendant's Notice of Removal was untimely because it was not filed within 30 days of either service of the Complaint or any "amended pleading, motion or other paper filed in this action by the Plaintiff prior to this motion." (Mot. at 6).  As explained above, however, as long as Defendant has not "run afoul" of either of the thirty-day periods specified in § 1446(b)(1) or (b)(3), it is not bound by these requirements.  The first question presented to the Court is thus whether Defendant failed to timely remove this action in violation of § 1446(b)(1) or (b)(3).

Among other arguments not relevant here, Defendant bases its Notice of Removal on the discovery, "more than 30 days after the Complaint was served," that Plaintiff's proposed class of California *residents* "does not foreclose the inclusion of non-California *citizens*—such as students or members of the military temporarily housed in California." (Notice of Removal at ¶ 25).  Plaintiff argues, however, that Defendant in fact knew this ground for removal at the time the Complaint was filed, and thus that it was bound to comply with the 30-day requirement of § 1446(b)(1). Specifically, Plaintiff points out that "Anthem has admitted in two other cases that it knew as of 2014 that among the California residents to whom it provides services are a number of citizens of different states." (Mot. at 8 (citing *Wickens*, 2015 WL 3796272; *Vasquez v. Blue Cross of California*, No. CV-15-2055-MWF (AGRx), 2015 WL 2084592 (C.D. Cal. May 5, 2015))).

As Defendant points out in its Opposition, however, the 30-day time period for removal pursuant to § 1446(b)(1) starts to run from Defendant's receipt of the initial pleading "only when that pleading affirmatively reveals on its face the facts necessary for federal court jurisdiction." *Rea v. Michaels Stores, Inc.*, 742 F.3d 1234, 1238 (9th Cir. 2014); *see also Harris*, 425 F.3d at 690–91 ("Our interpretation of 28 U.S.C. § 1446 leads us to join our sister circuits in holding that the thirty day time period [for removal] . . . starts to run from defendant's receipt of the initial pleading only when that pleading affirmatively reveals on its face the facts necessary for federal court jurisdiction."). *Defendant's* knowledge, constructive or otherwise, of the requisite

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 15-4556-MWF(AGRx)              Date:  August 13, 2015

Title:      Debra Smilow, et al. -v- Anthem Blue Cross Life and Health Insurance Co.

jurisdictional facts is irrelevant to the Court's examination of compliance with § 1446. In fact, the Ninth Circuit has already acknowledged that the rules potentially allow a defendant to "take advantage of the fact that neither the 'initial pleading' nor any later document received from plaintiff triggers one of the two thirty-day periods," such that "defendants may sometimes be able to delay filing a notice of removal until it is strategically advantageous to do so."  *Roth*, 720 F.3d at 1126.

The Court concludes that the Complaint does not clearly reveal the facts necessary for federal court jurisdiction.  Plaintiff asserts in her Complaint that she is a "citizen and resident" of California (Compl. ¶ 12), that Defendant is a "California Corporation" (Compl. ¶ 13), and that "this action is not removable" (Compl. ¶ 10). Under the applicable law, Defendant's knowledge of facts that contradict these statements does not cause the 30-day time limit under § 1446(b)(1) to run.  Moreover, as Plaintiff herself argues, she has not served any amended complaint or other document that would trigger the 30-day time limit under § 1446(b)(3).  (Mot. at 7). Accordingly, there are no procedural defects in Defendant's removal.

### *Subject Matter Jurisdiction*

There is nevertheless a question as to whether this Court has subject matter jurisdiction over this dispute.  Defendant argues in its Opposition that it was not aware of the facts necessary for federal court jurisdiction at the time Plaintiff filed her Complaint.  (Mot. at 6).  Rather, Defendant asserts that because "[P]laintiff erroneously named Anthem Blue Cross Life & Health Insurance Company dba Anthem Blue Cross, a non-existent entity, as the Defendant," it had to "conduct[] an investigation to determine which Anthem entity insured Plaintiff," which led to its discovery "that Plaintiff actually was insured by Blue Cross of California dba Anthem Blue Cross from January 1, 2013 to the present."  (*Id.* at 6–7).  It then introduced evidence it had collected in its investigations in the *Vasquez* and *Wickens* cases that Blue Cross of California participates in a "guest member" program that provides Anthem Blue Cross membership to citizens of other states.  (*Id.*).  In her Reply, however, Plaintiff argues that the use of evidence pertaining to Blue Cross of

_____

**CIVIL MINUTES—GENERAL                                    7**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV 15-4556-MWF(AGRx)**              **Date:  August 13, 2015**

**Title:**      Debra Smilow, et al. *-v-* Anthem Blue Cross Life and Health Insurance Co.

California to establish jurisdictional facts in this case is inappropriate, as Plaintiff intended her suit to be against "Anthem Blue Cross Life and Health Insurance Company."  (Reply at 1).

While this exchange does not affect the Court's determination above that there was no procedural defect in this removal, it does affect the Court's examination of subject matter jurisdiction over this dispute.  To establish jurisdiction under CAFA, Defendant must demonstrate that there is minimal diversity.  28 U.S.C. § 1332(d)(2)(a) (minimal diversity exists under CAFA as long as *one member* of the proposed class is a citizen of a different state than the defendant).  Here, Defendant's argument for minimal diversity is dependent on its investigation as to "Blue Cross of California," which is not the named Defendant in this action.  Defendant has not presented evidence that "Anthem Blue Cross Life and Health Insurance Company" had a guest member program that would establish minimal diversity.

Therefore, based on the information presently before the Court, it is not convinced that Defendant has established minimal diversity in this case.  At the hearing, Defendant did indicate further investigation may well reveal that the named Defendant was in fact a participant in the guest member program.  For the reasons stated below, however, the Court need not resolve this issue.

### *Lack of Minimal Diversity Based on California Citizenship*

In the event the Court finds removal was procedurally proper, Plaintiff asks that the Court grant her leave to amend her complaint to change the class description so it refers to "California citizens" rather than "California residents," in order to foreclose any argument that minimal diversity exists between the parties.  (Mot. at 9–10).  Defendant argues in its Opposition that Plaintiff cannot amend the Complaint to destroy minimal diversity, as it existed at the time of removal.  (Opp. at 7–8).

The court in *Wickens* directly addressed this exact argument on nearly identical facts.  2015 WL 3796272, at *6.  As that court recognized, under applicable Ninth

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 15-4556-MWF(AGRx)          Date:  August 13, 2015

Title:      Debra Smilow, et al. -*v*- Anthem Blue Cross Life and Health Insurance Co.

Circuit law, "[c]itizenship of the plaintiff class is based on the complaint as of the date the case became removable," and "[a] plaintiff cannot destroy diversity by amendment after removal."  *Id.* (internal citations omitted).  However, the *Wickens* court determined that "when the initial complaint facially precludes removal, courts may properly consider a timely-filed amended complaint 'as a clarification to the allegations bearing on the federal court's jurisdiction.'"  *Id.* (quoting *Candy v. 474 Club LLC*, No. CV-06-400-S-EJL, 2007 WL 1381806, at *3 (D. Idaho Jan. 31, 2007)).  The *Wickens* court ultimately concluded that, "[a]n amendment to change 'residents' of California to 'citizens' of California . . . would constitute a clarification and not an amendment," and thus granted leave for Plaintiff to amend before accepting a renewed motion to remand.  *Id.* at *7.  In a later order, the case was remanded to state court for lack of subject matter jurisdiction.  *Wickens v. Blue Cross of California, Inc.*, No. 15cv834-GPC (JMA), 2015 WL 4255129 (S.D. Cal. July 14, 2015).

        In reaching its conclusion, the court in *Wickens* relied on a comparison to *Weight v. Active Network, Inc.*, 29 F. Supp. 3d 1289, 1293 (S.D. Cal. June 26, 2014).  In *Weight*, the defendant removed a class action complaint brought on behalf of affected "California residents" on the ground that this class included individuals who were domiciled in states other than California and Delaware.  *Id.* at 1291.  Plaintiff then filed an amended complaint, which redefined the class to include "[a]ll individuals who . . . were *citizens* of California," and moved to remand the case back to state court.  *Id.*  In analyzing the issue, the *Weight* court explained that "[i]f the revision is an amendment . . . the Court cannot rely on the revised class definition in assessing its jurisdiction over this matter," but if, on the other hand, "the revision is merely a clarification . . . then at the time of removal the class—defined, per the FAC, in terms of California citizenship—would be comprised solely of California citizens."  *Id.* at 1292–93.  Examining the facts of the case, that court determined that the plaintiff's revision was a "clarification rather than an amendment, because it "merely clarifie[d] that his original intent was to litigate on behalf of California citizens."  *Id.* at 1293.  The *Weight* court explained that "the instant action was originally filed in the California state court system, which has no equivalent of diversity jurisdiction and thus does not require the careful distinction between 'residents' and 'citizens.'"  *Id.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 15-4556-MWF(AGRx)                Date:  August 13, 2015

Title:       Debra Smilow, et al. -v- Anthem Blue Cross Life and Health Insurance Co.

Plaintiff urges this Court to apply the reasoning from *Weight*.  Defendant objects, arguing that the *Weight* order conflicts with the Ninth Circuit's subsequent opinion in *Doyle v. OneWest Bank, FSB*, 764 F.3d 1097, 1097 (9th Cir. 2014).  In *Doyle*, after a class action complaint was removed to federal court under CAFA, the parties stipulated to sever several claims and transfer them to another court.  The district court ordered the plaintiff to amend her complaint to reflect the severance.  *Id.* The plaintiff then moved for remand, and the district court granted the motion on the basis of the pleadings in the amended complaint.  *Id.*  On appeal, the Ninth Circuit vacated the order and remanded the case, concluding that the district court erred by considering the amended complaint rather than the complaint "as of the date the case became removable."  *Id.*

This case is inapposite.  In *Doyle*, the Ninth Circuit was not asked to make a determination between an amendment and a clarification, which is the issue presented in this case.  Therefore, *Doyle* does not demonstrate that the Ninth Circuit has rejected the reasoning in *Weight*.  In fact, the Ninth Circuit has recognized an exception to the general rule that courts must look to pre-removal filings to determine jurisdiction, where a party amends a complaint in order to clarify certain jurisdictional facts.  In *Benko v. Quality Loan Serv. Corp.*, 789 F.3d 1111, 1117 (9th Cir. 2015), the Ninth Circuit explained that, "[w]here a defendant removes a case to federal court under CAFA, and the plaintiffs amend the complaint to explain the nature of the action for purposes of our jurisdictional analysis, we may consider the amended complaint to determine whether remand to the state court is appropriate."  While Defendant argued at the hearing that *Benko* is distinguishable because it is dealing with an exception to CAFA, rather than the initial removability of the case itself, the Court rejects this distinction.  In *Benko*, the Ninth Circuit generally distinguished between instances where a plaintiff "amend[s] the FAC to eliminate a federal question so as to avoid federal jurisdiction," and instances where the plaintiff seeks only "to clarify issues pertaining to federal jurisdiction under CAFA."  *Id.* at 1117.

Defendant also argues that *Weight* was based on a strict presumption against removal, which conflicts with the Supreme Court's recent clarification in *Dart*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV 15-4556-MWF(AGRx)**                    **Date:  August 13, 2015**

Title:      Debra Smilow, et al. -*v*- Anthem Blue Cross Life and Health Insurance Co.

*Cherokee* that there is not a presumption against removal jurisdiction in CAFA cases.
The Court again rejects this argument.  The court in *Weight* did not depend on this
factor in reaching its conclusion; rather, the court in *Weight* based its decision on the
distinction between amendments and clarifications.

At the hearing, Defendant argued that in any event, a review of the complaint in
this case reveals that in fact Plaintiff is seeking to amend the complaint, and not clarify
her prior intention.  In support of this argument, Defendant points out that: (1) Plaintiff
identifies herself as both "a citizen and resident of Los Angeles, California," and
therefore recognizes the distinction between these words; and (2) that several of the
statutes under which Plaintiff is suing (including the California Data Breach Act, Cal.
Civ. Code §§ 1798.80, *et seq.*, and the California Confidentiality of Medical
Information Act, Cal. Civ. Code §§ 56, *et seq.*), refer to "California residents," and that
she therefore purposefully identified the class as all effected "California residents"
because anything else would be inconsistent with her claims.

This is Defendant's strongest argument.  The reference to "California residents"
in several of the applicable statutes provides a strong inference that in fact Plaintiff
intended to specify a class of "residents" and not of citizens, as doing so would
simplify the litigation of these claims.  On the other hand, Plaintiff clearly identified at
the outset of her Complaint that "[t]his action is not removable."  (Compl. ¶ 10).
While this statement is irrelevant in evaluating whether or not there is actually removal
jurisdiction over this case, it is nonetheless instructive in determining Plaintiff's *intent*,
as the Court must do when examining whether the suggested amendment is a
clarification or an amendment.  Here, it is clear that Plaintiff intended a class of
"citizens and residents" that would render the case non-removable.  As state court does
not require parties to carefully distinguish between "residents" and "citizens," the
Court concludes that Plaintiff's use of "residents" should not be controlling as to the
intended make-up of the class.

While the Court is not bound by the reasoning in either *Weight* or *Wickens*, it
concludes that these cases were correctly decided.  The Complaint alleges claims

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 15-4556-MWF(AGRx)                    Date:  August 13, 2015

Title:       Debra Smilow, et al. -*v*- Anthem Blue Cross Life and Health Insurance Co.

against a California-based Defendant, alleges only California law causes of action, and clearly specifies that the action was "not removable."  *Cf. Wickens*, 2015 WL 3796272, at *7.  Therefore, "[a]n amendment to change 'residents' of California to 'citizens' of California, in this case, would constitute a clarification and not an amendment."  *Id.*

**Conclusion**

Accordingly, the Court **GRANTS** Plaintiff's request for leave to file an amended complaint.  Deeming the complaint hereby amended to refer to California "citizens" rather than "residents," the Court **GRANTS** Plaintiff's Motion to Remand.

Therefore, the Court **REMANDS** the action to the Superior Court of the State of California for the County of Los Angeles.  The Court **ORDERS** the Clerk to treat this Order, and its entry on the docket, as an entry of judgment.  Local Rule 58-6.

IT IS SO ORDERED.